UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:18-CR-33 JD |
| (2) KAYLA HAMPTON | |

**OPINION AND ORDER**

The incarcerated Defendant Kayla Hampton, proceeding *pro se*, has moved for a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE 332.) For the reasons herein, the motion will be denied.

**A. Background**

In 2018, Kayla Hampton, was charged by the Government with managing a heroin distribution ring in South Bend. (DE 1.) In 2020, Ms. Hampton was found guilty, after pleading guilty, of one count of conspiracy to distribute over one kilogram of heroin in violation of 21 U.S.C. § 846 and the Court sentenced her to 120 months imprisonment.[1] (DE 274.) Ms. Hampton participated in this conspiracy while awaiting sentencing in a different federal case for her involvement in a violent kidnapping-for-ransom scheme. Ms. Hampton's role in the drug conspiracy included delivering phones and prepackaged drugs to retail dealers, collecting money from them, and arranging their shifts. Ms. Hampton remains incarcerated with an anticipated release date in 2027.

Ms. Hampton filed this motion for compassionate release from custody pursuant to 18 U.S.C. §3582 on May 27, 2022. (DE 332.) The Court referred her motion to the Federal

---

[1] The underlying criminal offense for the conspiracy, distribution of over 1 kilogram of heroin, is prohibited by 21 U.S.C. § 841.

Community Defender's Office, which determined that it was unable to assist her. Therefore, the Court will consider Ms. Hampton's own submissions. The Government filed a response to her motion, and she elected not to file a reply so this motion is ripe for adjudication.

**B. Legal Standard**

A court generally cannot modify a sentence once the sentence has been imposed. 18 U.S.C. § 3582(c). However, an exception to that general rule allows a court to modify a sentence, after considering the factors under § 3553(a), if "extraordinary and compelling reasons warrant such a reduction," the reduction is consistent with policy statements issued by the Sentencing Commission, and the defendant has submitted such a request to the warden at least 30 days before filing a motion or has fully exhausted all administrative rights within the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). This analysis proceeds in two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) (*cert*. denied 142 S. Ct. 1363 (2022)). At the first step the defendant must identify an extraordinary and compelling reason warranting a sentence reduction. *Id.* If the defendant establishes such a reason, the district court, in the discretion conferred by the statute, considers any applicable § 3553(a) factors as part of determining what reduction to award the defendant. *Id.*

The application notes to the Sentencing Guidelines offer some examples of when extraordinary and compelling reasons may be present. Those include when the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the prison. U.S.S.G. § 1B1.13 n.1. *See United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020) (finding the substantive aspects of U.S.S.G. § 1B1.13 and its Application Notes provide a "working definition" of "extraordinary and compelling reasons" that can guide a court's discretion "without being conclusive").

In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where [she] is housed and [her] personal health conditions." *United States v. Council*, 2020 WL 3097461, at *5 (N.D. Ind. June 11, 2020); *see also United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020). In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes her especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic).

**C. Discussion**

Having reviewed Ms. Hampton's submissions, the Court finds that she has not established an extraordinary and compelling reason warranting modification of her sentence.

Ms. Hampton argues that she possesses an extraordinary and compelling reason because she is at risk of serious illness or death from Covid-19 infection due to her confinement in a dormitory housing style prison and her preexisting medical conditions of asthma, obesity, and history as a smoker. Ms. Hampton also argues that the § 3553(a) factors weigh in favor of her release. Further, Ms. Hampton also argues that her continued incarceration is inconsistent with Attorney General Barr's memorandum directing the Bureau of Prisons to maximize the use of home confinement for eligible prisoners at risk of Covid-19.

The Government opposes Ms. Hampton's motion. They argue that she has not presented an extraordinary and compelling reason warranting compassionate release and the § 3553(a) factors do not favor release. The Government assumes she has exhausted her administrative remedies within the BOP through her written request for compassionate release to the warden which was denied. (DE 339 at 4.) The Court will address each of Ms. Hampton's arguments in turn.

**(1)** *Ms. Hampton has not established an extraordinary and compelling reason for a sentence modification*

Ms. Hampton alleges her risk for severe illness or death from Covid-19 infection based on her preexisting medical conditions constitutes an extraordinary and compelling reason. Ms. Hampton specifically points to her medical conditions of obesity, asthma, and history as a smoker.

The Court disagrees. Even accepting her allegations regarding her health history at face value, those conditions cannot constitute an extraordinary and compelling reason as Ms. Hampton has been fully vaccinated against Covid-19. (DE 339-1.) The Seventh Circuit has clearly held that "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Ms. Hampton has offered no explanation why she is different from the vast majority of prisoners or why a vaccine is insufficient to offer her effective relief. Specifically, Ms. Hampton does not discuss the severity of her health conditions and does not offer any explanation as to why they are so severe that they would significantly complicate any potential Covid-19 infection. Further, the Court notes that Ms. Hampton only raises generic concerns about Covid-19 and her potential

4

exposure in the prison. Additionally, she is 31 years old and is not as especially high risk of severe Covid-19 illness due to her age. *COVID-19 Risks and Vaccine Information for Older Adults*, Centers for Disease Control and Prevention, https://www.cdc.gov/aging/covid19/covid19-older-adults.html (last visited Oct. 14, 2022) (indicating risk for severe Covid-19 illness begins to increase for individuals in their 50s). Accordingly, Ms. Hampton has not established an extraordinary and compelling reason warranting a modification of her sentence. Therefore, the Court would deny her motion based on her failure to satisfy the requirements of step one of the § 3582 analysis.

**(2)** *The § 3553(a) factors do not weigh in favor of Ms. Hampton's release*

The Court also concludes, that even if Ms. Hampton had satisfied the first step, the § 3553(a) factors would weigh against her release. Ms. Hampton argues that the factors weigh in favor of her release based on her rehabilitation efforts while incarcerated and the fact she has served half of her sentence.

The Court will begin by noting that Ms. Hampton is to be commended for her efforts at rehabilitation while incarcerated. With that being said, the Court disagrees with her argument. The § 3553(a) factors include a requirement that the sentence imposed should "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The offense for which Ms. Hampton was convicted, conspiracy to distribute one kilogram or more of heroin, possesses a statutory minimum penalty of 10 years imprisonment. 21 U.S.C. §§ 841, 846. As Ms. Hampton has only served about half of this sentence, the Court finds that a modification reducing this Congressionally mandated sentence would fail to reflect the seriousness of her offense, promote respect for the law, and provide just punishment. The Court's conclusion is reinforced by the fact Ms. Hampton

committed the offense while awaiting sentencing for another federal crime and involved her active involvement in the distribution of a large amount of heroin, an especially dangerous drug. Accordingly, the Court finds that the § 3553(a) factors weight against Ms. Hampton's release and would deny her motion on that basis even if she had satisfied the first step of the § 3582 analysis.

### (3) *The Court does not have authority to direct BOP's housing decisions*

The Court construes Ms. Hampton's arguments related to the Attorney General's memorandum on Covid-19 and home confinement as a request for the Court to order BOP transfer her to home confinement. This argument is unavailing as the Bureau of Prisons has the sole discretion to determine the place of a defendant's imprisonment. 18 U.S.C. § 3621(b). Accordingly, the Court cannot grant Ms. Hampton any relief on this basis.

### D. Conclusion

For these reasons, the Court DENIES Ms. Hampton's motion for compassionate release. (DE 332.)

SO ORDERED.

ENTERED: October 14, 2022

/s/ JON E. DEGUILIO
Chief Judge
United States District Court